## STEINWAY v. STEINWAY et al.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. ACTION FOR ACCOUNTING—NECESSARY PARTIES.

　　A clause in a will gave shares of stock to trustees, and provided that one-fourth of such stock should be held for the benefit of the beneficiaries named in each of four different paragraphs thereof, and directed the

trustees to pay to such beneficiaries, in equal proportions, an annual sum representing an income of 5 per cent. on one-fourth of the stock. The court of appeals, construing this clause, decided that each paragraph created a separate trust, and that the trustees took only a power of trust, and that the several legacies vested severally in the several legatees. *Held*, in an action by a legatee under one of the four paragraphs of the clause for an accounting of the income due him under the paragraph, in which the other beneficiaries named in the paragraph and all the living trustees and all the heirs and next of kin of those who are interested in the will and had died were joined as parties defendant, that the legal representatives of the deceased trustees and of the deceased beneficiaries under the other paragraphs were not necessary parties defendant.

Appeal from special term, New York county.

Action by Henry W. T. Steinway against Charles H. Steinway individually and others. Demurrer to complaint overruled (73 N. Y. Supp. 447), and defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. Delahunty, for appellants.
Edward Bruce Hill, for respondent.

LAUGHLIN, J. The action is brought to obtain an accounting by trustees under paragraph "c" of the thirty-third clause of the will of C. F. Theodore Steinway, deceased. By this clause of his will the testator gave and bequeathed all of his stock in the corporation of Steinway & Sons, consisting of 4,000 shares, to his four executors and trustees, to be managed by them until the 1st day of January, 1904, for the benefit of certain persons named in paragraphs "a," "b," "c," and "d" thereof, and provided that one-fourth part of such stock should be held and managed for the benefit of the beneficiaries named in each of said paragraphs, respectively. He therein directed the trustees to pay to the beneficiaries named in each paragraph, in equal proportions, an annual sum representing an income of 5 per cent. on 1,000 shares of said stock, and provided for the disposition of the principal at the expiration of the trust. On the 9th day of May, 1893, the plaintiff in this action brought an action for the construction of the will, contending that the trusts provided for in this thirty-third clause were void. The trial of the issues in that action resulted in a judgment sustaining these trusts. This judgment was affirmed on appeal. Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312. Final judgment establishing the validity of the trusts was entered on the 17th day of November, 1900. Pending that action the income was not paid over to the beneficiaries by the trustees. After the entry of the final judgment, a statement of the account for income was rendered by the trustees to the plaintiff, in which he was credited with the amount of the accumulated income of 5 per cent. and 2 per cent. interest thereon, and he was charged with one-twelfth of $39,719.11, said to be the costs of the litigation. The plaintiff objected to this statement of the account on the ground that the trustees had received more than .2 per centum on the moneys, and that he was not chargeable with these costs, and, if so chargeable, the amount was excessive. The plaintiff is a nephew of the decedent, and is one of three beneficiaries named

in paragraph "c" of the thirty-third clause of the will, and was entitled thereby to receive one-third of the 5 per cent. annual income on one-fourth of the 4,000 shares of stock. The other beneficiaries named in that paragraph of the will have been joined as defendants. One of the executors and trustees is dead, and the other three are made defendants. The demurrer is upon three grounds: (1) That the court has not jurisdiction of the subject of the action, for the reason that the plaintiff has an adequate remedy at law; (2) that there is a defect of parties defendant; and (3) that the complaint does not state facts sufficient to constitute a cause of action.

The names of the parties who it is claimed should have been made defendants are stated in the second ground of demurrer as required by the Code. It is manifest that the first and third grounds of demurrer are not tenable. The action is against trustees of an express trust for an accounting. The court, therefore, has jurisdiction of the subject-matter of the action, and the complaint sufficiently states a cause of action. The learned counsel for the appellants did not urge these grounds of demurrer on the trial, nor does he argue them on the appeal. He contends, however, that there is a defect of parties defendant, upon the ground that, the action being for an accounting concerning a fund in the hands of the trustees as part of their trust, all the persons entitled to share in the fund are necessary parties. The defect of parties defendant urged upon the appeal consists in the omission of legal representatives of deceased trustees and beneficiaries. The complaint shows the death of these persons, but it does not show the appointment of any administrator or executor of their estates. None of the persons who have died were interested under paragraph "c" of the will, unless it be the deceased trustee, whose only interest could be a claim that the trust funds should bear the costs to which reference has been made. All of the heirs and next of kin of those who were interested in the will and have died were made parties. William Steinway, one of the executors and trustees, and sole beneficiary during his lifetime under paragraph "d" of the will, died on the 30th day of November, 1896. The will provided that, in case of his death prior to the 1st of January, 1904, his son, George A. Steinway, should be executor and trustee, and should become a beneficiary under paragraph "d" with his sister, Paula Th. Steinway, and with the children of said William Steinway by his second wife. The claim is made that the legal representatives of both William and George A. Steinway are necessary parties defendant by reason of their interest in the compensation of the decedents as trustees, and also in the trust fund created by paragraph "d" in the income thereof. Louise Deppermann, one of four beneficiaries under paragraph "a" of the will, is dead, and it is claimed that her legal representatives should be made parties by reason of their interest in that trust fund and in the income thereof. Louise Cassebeer and Charles Zeigler, two of four beneficiaries under paragraph "b" of the will, are dead, and it is claimed that their legal representatives should be made parties defendant for the same reason. As has been stated, so far as these parties left heirs or next of kin who could succeed to any interest under the will, they have been

made parties, and it does not appear that any legal representatives of the decedents have been appointed. The plaintiff claims that the action is brought solely for an accounting of the income due to him under paragraph "c" of the will, and that the only parties interested in this question are his fellow beneficiaries and the surviving trustees and executors, all of whom have been joined as defendants. He bases this contention on the decision of the court of appeals in Steinway v. Steinway, supra, in which each of these paragraphs of the will was construed as a separate and distinct trust. The court of appeals in that case decided that the "trustees took no title, but only a power in trust, and that the several legacies vested severally in the several legatees in absolute ownership within the period measureable by less than two designated lives in being at the death of the testator." In order to reach this conclusion it was necessary to decide—and the court so held—that the testator intended that his 4,000 shares of stock should be divided into four equal parts, and that each of the trusts created by these several paragraphs, "a," "b," "c," and "d," is a separate and distinct trust of 1,000 shares of stock, the title to the corpus of which was vested in the beneficiaries therein named. In these circumstances we are of opinion that the plaintiff's contention is sound. While he has set forth in his complaint the attitude of the executors and trustees in attempting to offset the costs against the income, his only prayer for judgment is that the trustees be compelled to account to him for his share of the income. It will not be any part of his affirmative case to show that the trustees are not entitled to credit themselves with the expenses of any part of the litigation against him. It will be incumbent upon him to show only that they have failed to pay him all of the income. The account rendered has not been judicially or otherwise settled. There is no presumption that it is correct, and the burden is not on the plaintiff of showing that it is erroneous. It will be a matter of defense for the trustees to affirmatively allege and prove that they are entitled to offset part of the costs of the litigation. Upon that defense, if it be interposed, doubtless all parties interested in the questions arising thereon, even under other paragraphs of the thirty-third clause of the will, should be brought in as parties defendant, to the end that a judgment may be had that will be binding upon them all, and that a multiplicity of suits may be avoided; but that will be a matter to be determined upon the issue as joined, showing the necessity for bringing them in, and the order may then be made on the application of a party plaintiff or defendant, or by the court upon its own motion. The necessity, therefore, for bringing in such parties, is not, we think, presented by the demurrer to this complaint. Moreover, for aught that appears on the face of the complaint, there may have been no executors or administrators appointed for the decedents. The duty of having representatives appointed would seem to rest on their heirs or next of kin, and not on the plaintiff. The interlocutory judgment might well have been affirmed on the excellent opinion of the learned trial justice were it not for the fact that points have been urged upon the appeal that were not specifically considered by him.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs, but with leave to the appellants to withdraw demurrer and to answer upon payment of the costs of the appeal and of the demurrer.  All concur.